UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
UNITED STATES OF AMERICA,

-against-

KYLE BRODERICK,

Defendant.
----------------------------------------------------------------X

**MEMORANDUM & ORDER**

**09-CR-657 (NGG)**

NICHOLAS G. GARAUFIS, United States District Judge.

Before the court is Defendant Kyle Broderick's motion for a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(2). (Mot. to Reduce Sentence (Dkt. 44).) For the reasons discussed below, Defendant's motion is GRANTED.

## I. BACKGROUND

On June 6, 2007, the Government filed a superseding indictment charging Defendant with, inter alia, distribution and possession with intent to distribute heroin and cocaine base (count six), in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(c), and possession of a firearm in furtherance of drug trafficking (count three), in violation of 18 U.S.C. §§ 924(c)(1)(A)(1) and 960(b)(3). (Superseding Indictment (S-1) (Dkt. 19).) On November 5, 2010, Defendant pleaded guilty to these charges. (Nov. 5, 2010, Min. Entry (Dkt. 25).) On March 31, 2011, the court sentenced Defendant to consecutive terms of 37 months of imprisonment on the narcotics charge and 60 months of imprisonment on the firearm charge, a five-year term of supervised release with special conditions, and a $200 special assessment. (J. (Dkt. 31).)

In calculating Defendant's sentence for the narcotics charge, the court determined that, under the U.S. Sentencing Guidelines (the "Guidelines"), Defendant's total offense level was 15. (Statement of Reasons (Dkt. 32) (filed under seal) at 1.) Based on Defendant's Criminal History Category of V, the court calculated an advisory Guideline range of 37 to 46 months of

1

imprisonment. (Id.) After taking into account the sentencing factors set forth by 18 U.S.C. § 3553(a), the court imposed a sentence of 37 months of imprisonment, reflecting the bottom of the Guideline range. (Id.) For the firearm charge, the court imposed the statutory mandatory minimum of 60 months (five years) of imprisonment. (Id.)

## II. LEGAL STANDARD

Defendant filed the instant motion for resentencing pursuant to 18 U.S.C. § 3582(c)(2), which provides that a term of imprisonment may be modified "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . after considering the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." The Supreme Court has established a two-step inquiry to guide a district court in its consideration of a § 3582(c)(2) motion. See Dillon v. United States, 560 U.S. 817, 826 (2010); United States v. Christie, 736 F.3d 191, 194-95 (2d Cir. 2013). "First, the district court must determine whether the defendant in question is 'eligible for a reduction in sentence.'" Christie, 736 F.3d at 194 (emphasis in original) (quoting United States v. Mock, 612 F.3d 133, 137 (2d Cir. 2010)). Second, if a defendant is eligible for resentencing, the court must then consider any applicable § 3553(a) factors to determine whether the authorized reduction is warranted in whole or in part under the particular circumstances of the defendant's case. Dillon, 560 U.S. at 827.

Through Amendment 782 to the Guidelines, effective November 1, 2014, the Sentencing Commission modified the base offense levels in the Drug Quantity Table at section 2D1.1 of the Guidelines, and thereby lowered the sentencing range for drug-related offenses. See U.S.S.G. App. C (Supp.) at 64, 71, 74 (2014). Amendment 788 to the Guidelines provides that

Amendment 782 applies retroactively to defendants sentenced before its effective date. See id. at 86-88 (amending U.S.S.G. § 1B1.10(d) (listing sentencing amendments eligible for retroactive application)). However, unlike other amendments—and although Amendment 782 is "effective" November 1, 2014—"[t]he court shall not order a reduced term of imprisonment based on Amendment 782 unless the effective date of the court's order is November 1, 2015, or later." U.S.S.G. § 1B1.10(e)(1). While subsection (e)(1) thus postpones the effective date of any reduced sentence, it does not preclude the court from conducting resentencing proceedings or entering orders pursuant to § 3582(c)(2) before November 1, 2015, so long as the effective date of the order is November 1, 2015, or later. See id. § 1B1.10 cmt. 6; see also, e.g., United States v. Vargas, 74 F. Supp. 3d 601, 605 (S.D.N.Y. 2015) (discussing effective dates and granting defendant's motion for a reduction in sentence, "effective on November 1, 2015").

If a defendant is eligible for a reduction in sentence, the court proceeds to the second step of the Dillon analysis to determine whether a reduction in sentence is warranted in light of the factors enumerated in 18 U.S.C. § 3553(a). See Dillon, 560 U.S. at 827. Under § 3553(a), the court must consider, among other things, "the nature and circumstances of the offense and the history and characteristics of the defendant," and the need for the sentence imposed to "protect the public from further crimes of the defendant." See 18 U.S.C. § 3553(a). Where a reduction is authorized, the Guidelines provide that "the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) . . . to a term that is less than the minimum of the amended guideline range." U.S.S.G. § 1B1.10(b)(2)(A). But see id. § 1B1.10(b)(2)(B) (setting forth the exception for a defendant sentenced pursuant to a government motion reflecting defendant's substantial assistance to authorities). Ultimately, the Guidelines establish that "[i]n

3

no event may the reduced term of imprisonment be less than the term of imprisonment the defendant has already served." Id. § 1B1.10(b)(2)(C).

## III. APPLICATION

The court finds that Defendant is eligible for a reduction in sentence on count six (the narcotics charge). Defendant's sentence was based on the Guideline range in effect at the time. (See Statement of Reasons at 1.) Therefore, Amendment 782 applies. See U.S.S.G. App. C (Supp.) at 71. Had Amendment 782 been in effect at the time of Defendant's sentencing in 2011, see id. § 1B1.10(b)(1), his total offense level would have been 13 (not 15) (see Statement of Reasons at 1), and the Guideline range for his sentence would have been 30 to 37 months of imprisonment (not 37 to 46), see U.S.S.G. § 5A (Sentencing Table). The Government opposes resentencing in this case, but it agrees that Defendant is eligible, and it concurs in the calculation of the potential reduction. (Resp. in Opp'n to Mot. to Reduce Sentence ("Gov't's Resp.") (Dkt. 41) at 2.)

Proceeding to the second step of the analysis, the court must determine whether a reduction in sentence is warranted. The Government argues against a reduction, pointing to Defendant's history of crime and violence, including two incidents while he has been in custody. (See id. at 5.) Specifically, Defendant admitted to and was disciplined for fighting (in 2010) and possessing a razor blade weapon (in 2013). (Incident Reports (Gov't's Resp., Ex. A (Dkt. 41-1)).) According to the Government, Defendant's post-sentencing conduct shows that he poses a continued danger to the community. (Gov't's Resp. at 5.) Defendant contends that these two infractions over five years do not show a significant threat to public safety, and he points out that he has made attempts to rehabilitate himself while in prison, namely by pursuing his General

Equivalency Diploma, participating in a drug treatment program, and working as a prison orderly. (Mot. to Reduce Sentence at 1.)

Upon review of the § 3553(a) factors, the court finds that a modest, seven-month reduction in Defendant's sentence is warranted. For the same reasons that a sentence at the bottom of the Guideline range was appropriate when Defendant was initially sentenced in 2011, a sentence of 30 months for count six—representing the bottom of the amended Guideline range—is appropriate here. (See Tr. (Dkt. 34) at 8-9 (explaining that the court was sentencing Defendant at the bottom of the Guideline range in the hopes that Defendant's future would be more productive and law-abiding).)

The court shares the Government's concerns regarding Defendant's criminal history and post-sentencing conduct. However, the court recognizes that Defendant has made efforts to prepare for life and employment outside of prison, including efforts to be a better father to his young, disabled son. (See Mot. to Reduce Sentence at 2.) The court also points out that Defendant is subject to a five-year term of supervised release with special conditions, including a requirement that he not possess a firearm, participate in a drug treatment program, and submit to reasonable searches of his person and premises. (See J. at 3-4.) If Defendant violates the terms of his supervised release, the court will review the violations and may modify the terms as appropriate to protect the safety of the community.

## IV. CONCLUSION

For the reasons set forth above, Defendant's motion for a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(2) is GRANTED. Consistent with this Memorandum and Order, the court will issue an Amended Judgment reflecting a sentence of 30 months of imprisonment on count six of the Superseding Indictment (S-1), followed by 60 months on count three, with an

5

effective date of November 1, 2015. The Amended Judgment will also reflect a change to the special conditions of supervised release, such that Defendant is directed to participate in an outpatient (as opposed to inpatient) drug treatment program.[1] The court does not alter any other portion of the March 31, 2011, Judgement (Dkt. 31), including the remaining special conditions of supervised release and the $200 special assessment.

SO ORDERED.

Dated: Brooklyn, New York
October 2̲1̲, 2015

s/Nicholas G. Garaufis
NICHOLAS G. GARAUFIS
United States District Judge

---

[1] See United States v. Matta, 777 F.3d 116, 123 (2d Cir. 2015) (holding that the district court may not delegate to the probation department the decision of whether a defendant will be required to participate in an inpatient or outpatient drug treatment program as a condition of supervised release). If, upon Defendant's release, the Probation Department believes strongly that an inpatient drug treatment program is necessary, the Department may file a recommendation to that effect with the court for consideration. Defendant may object to the recommendation or may consent and waive the right to file a response.